IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARREN GARDNER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-1419-L** |
| | § | |
| **QUEBECOR WORLD DALLAS**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss, filed December 26, 2007. After carefully considering the motion, record, and applicable law, the court **grants** Defendant's Motion to Dismiss.

### I. Procedural and Factual Background

Plaintiff Darren Gardner, proceeding *pro se*, filed his original complaint on August 16, 2007. The magistrate judge issued a questionnaire to the Plaintiff, which was completed and verified by Gardner and filed on October 30, 2007. Plaintiff asserts a retaliation claim for being fired after complaining about a coworker. Plaintiff alleges that he complained to a supervisor that a coworker was high and therefore he had to complete his coworker's duties. He also contends the coworker's cousin was a supervisor, and he was "discharged in retaliation for complaining about unlawful practices." Defendant Quebecor World Dallas ("Defendant" or "Quebecor") now moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

### II. Legal Standard

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

-- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)

(citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Analysis

Defendant moves to dismiss and argues that Plaintiff has failed to plead a single cognizable legal claim. Quebecor contends that Plaintiff cannot bring a retaliation claim because there is no allegation of any discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff did not respond to Defendant's motion.

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by the statute or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 USC § 2000e-3(a). To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *See Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

While it is not appropriate to require Plaintiff to allege facts to establish the three elements of a *prima facie* case, *see Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002), he must set forth sufficient allegations from which one at least can infer that he would be entitled to relief; otherwise, the complaint does not rise above the speculative level. The court agrees that neither the complaint

nor the questionnaire pleads any fact that plausibly could be the basis for a Title VII retaliation claim. Plaintiff has failed to allege that he engaged in any protected activity or set forth allegations from which one could reasonably infer that he engaged in protected activity. Moreover, he does not allege or imply that there is even the most remote causal connection between a protected activity and his discharge. Further, Plaintiff does not allege any discrimination on the basis of race, color, religion, sex, or national origin. The alleged retaliatory act is discharge because he complained about a supervisor's cousin. Nepotism, standing alone, is insufficient to state a retaliation claim under Title VII. Accordingly, the court concludes that Plaintiff's retaliation claim fails as a matter of law.

Although Gardner has not sought leave to amend his complaint, the court should freely give a complainant, especially a *pro se* complainant, leave to amend defective allegations in a pleading. *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) (citing *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)). Thus, the appropriate remedy when granting a motion based on nonconforming or deficient pleadings is to grant the complainant time in which to amend the complaint. *McClellon*, 66 F.3d at 103. The decision to allow amendment of the pleadings, however, is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the court considers the following: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1163 (5th Cir. 1982).

The court determines that Gardner has stated his best case after two bites at the apple. Namely, he filed his original complaint and also had the opportunity to effectively amend his

complaint by responding to the magistrate judge's questionnaire. The court, liberally construing all of the allegations made by Plaintiff, has determined that granting Gardner leave to amend would be futile. "At some point a court must decide that a plaintiff has had [a] fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). The court believes that permitting amendment would be futile and cause undue delay.

## IV. Conclusion

For the foregoing reasons, Plaintiff's complaint fails to set forth factual allegations that he is entitled to relief, and the court determines that he has failed to state a claim upon which relief can be granted. Accordingly, the court **grants** Defendant's Motion to Dismiss and **dismisses with prejudice** Plaintiff's complaint.

**It is so ordered** this 16th day of May, 2008.

_____
Sam A. Lindsay
United States District Judge